PERTH AMBOY DRY DOCK COMPANY

*v.*

HARDEN L. CRAWFORD et al., partners, &c.

[Argued May term, 1925.    Decided October 19th, 1925.]

On appeal from a decree of the court of chancery.

*98 N. J. Eq.* Perth Amboy Dry Dock Co. *v.* Crawford.

*Mr. George W. C. McCarter,* for the appellants.

*Mr. Thomas G. Haight* and *Mr. William H. Carey,* for the respondent.

PER CURIAM.

The parties to this litigation entered into contracts by the terms of which the complainant agreed that two vessels belonging to the defendants should be moored at the dry dock plant of the complainants in Perth Amboy, in order that they might there be "scrapped." The time limit within which, as the complainant claims, the scrapping of these vessels was to have been completed and removed from its plant having expired, and the two vessels at that time having been only partly dismantled, the present bill· was filed by the complainant, praying a decree directing the defendants to forthwith remove their vessels, and that a mandatory injunction should be issued against them so directing.

When the hearing was completed the vice-chancellor orally expressed the view that the complainant was entitled to the relief sought, and that it was the duty of the defendants to see that both vessels were taken away. He then added: "It may be that after both sides have considered the view I have expressed they can arrive at some amicable arrangement," and counsel for the defendant then announced, in open court, that his clients would remove their vessels from the complainant's plant as speedily as possible, and this was done by them shortly after the hearing was concluded. The pronouncement of the vice-chancellor was made on the 17th of July, 1924, and on the 30th of December of that year, long after the vessels had been removed by the defendants, a decree *nunc pro tunc* was advised, ordering, adjudging and decreeing "that the defendants forthwith and as speedily as possible remove the said vessels referred to in the bill of complaint from the complainant's plant at Perth Amboy." The decree further adjudged costs against the defendant and a counsel fee. From this decree the defendants have appealed.

In order to be entitled to appeal from a decree of the court of chancery, it must appear that the appellant had been aggrieved by it. *Coryell, Executor,* v. *Holcombe, 9 N. J. Eq. 650;* *Green* v. *Blackwell, 32 N. J. Eq. 768;* *Beckhard* v. *Rudolph, 68 N. J. Eq. 749.* And, as was stated in the case first cited, where the decree appealed from has been executed, the object of it attained, and there is nothing upon which a judgment of reversal could operate, no appeal will lie. In that case the appellant sought to bring up for review an order directing the issuing of process to bring in parties to answer for an alleged contempt. Prior to the taking of the appeal the process was issued, the appellants were brought before the court, entered their appearance according to the rule of the court, and answered the interrogatories exhibited before the master. In this situation this court held that, if the appeal should be maintained and the order appealed from set aside, the appellants could derive no benefit from our judgment, the reason being that, as the order sought to be reviewed had been executed, a reversal thereof would be the pronouncing of a nugatory and idle judgment which this court would be without power to enforce. The doctrine expounded in this case is declared in *Green* v. *Blackwell, supra,* to be in uniform accordance with the practice of this court, and was affirmed in this later case. From what has been said, it is apparent that the appellants are not aggrieved by so much of the decree as directs them to do something which they had already done at the time the decree was actually signed.

The propriety of that part of the decree, which imposes costs and counsel fees upon the defendants, has not been discussed by their counsel, and, therefore, has not received consideration from us.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, JJ. 12.

*For reversal*—None.